# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch 55.

_____
Write the full name of each plaintiff.

No. **16 CV 9343**

(To be filled out by Clerk's Office)

-against-

Police officer ganelyn Lorenzana,

Police officer Dominick vitele (shield

number 21711), city of New York

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

2016 DEC -1  PM 3:53   RECEIVED SDNY PRO SE OFFICE

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Robert                    D.                    Lurch
First Name              Middle Initial              Last Name

Robert Derek Lurch Jr.
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Rikers Island NYS.D#12689777N, FCF D.N: 16A2468
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Franklin correctional facility
Current Place of Detention

62 Bare Hill road, P.O. Box 10
Institutional Address

Franklin, malone                    NY.                    129
County, City                    State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced prisoner

☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

Janelyn                          Lorenzana
First Name                       Last Name                    Shield #

Police Officer
Current Job Title (or other identifying information)

Current Work Address

County, City                         State                     Zip Code

Defendant 2:

Dominick                        Vitale                     21711
First Name                       Last Name                    Shield #

Police Officer
Current Job Title (or other identifying information)

Current Work Address

County, City                         State                     Zip Code

Defendant 3:

First Name                       Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                     Zip Code

Defendant 4:

First Name                       Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                     Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _1521 Sterling place, county of Kings, State of New York_

Date(s) of occurrence: _June 15, 2014 (Fathers Day)_

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

-See Attached-

Details of Incident

Date: 10/12/
2016

Pg. 1 of 4

Events of
Incident In
chronological
order

claims:
false
arrest

Unknown Nypd officer on June 15, 2014 (Fathers Day 2014)
approached a group of Individuals on the corner of
Sterling and Rochester located In the crown Heights
area of Brooklyn, New york. The Individuals was
gathered around an apartment staircase located
directly In Front of the apartment buildings. I
was amongst the Individuals In which I stopped
while walking through to ask the location of the
closest store that accepts Ebt casds (Feed stamps),
so I can order a sandwich with my casd. In the
middle of me being given directions to such a
location, a nypd officer exited his vehicle and
asked For my ID. I asked him For what reason
and he again requested For my ID. I produced my
ID handing It to the officer and the officer
Stated "who bottle IS that". The officer was
referring to an open empty Ciroc bottle that
was located In Front of the apartment building
Steps, Displayed almost as a trophy of accomplishment
Showing It was drunk to completion and IS the
preferred brand to buy. I told the officer I was Just
getting directions for the nearest location accepting
ebt, Im not from around here I wouldnt have a clue.
He asked a Second Individual For his ID. as he ran

the names waiting for an active warrant confirmation through his police radio I stated "I have no warrants." The other Individual stated "he works for a living he doesn't have any either". After the radio transmission came back negative for active warrants for me and the other Individual, the officer stated "your both going to jail." When I was escorted to the car In handcuffs I Inquired what I was arrested for and the other Individual did the same. The officer Ignored our questions but when the officer Placed me In the car he asked me "who shot that guy"? I Informed the officer I wasn't present when any shooting occurred, I briefly stopped on the walk through to ask for directions. The officer got angry at my response and slammed the door. I was brought to the 77 precinct and placed In the holding cell with the other Individual. Once In the holding cell we both asked what were under arrest for and again the officer Ignored us. a couple of hours later we were provided with cheeseburgers from mcdonalds to eat. I again after we were fed, asked the officer "what am I under arrest for Its father day". The officer stated "as soon as they arrive, you both will be free to go." We were held In the precinct for 24 hours before a Detective came to Interview us both, separately. The Detective that came to Interview me asked "Do you have any Information on the shooting

P.3 of 4

that took place minutes before you were arrested?"
I told the detective I wasn't on the scene at the
time of the shooting. He told me I can go back
downstairs to the holding cell," the interview
had ended. After I was interviewed, the individual
that was arrested after me went upstairs to get
Interrogated. He came back also, minutes later. When
that Individual returned, I told the officer "I told
you I wasn't on the scene for the occurance, this is
why I spent Father's day #in a holding cell this is
ridiculous", I stated. The officer Ignored my comment.
We was held 4 more hours after the interviews concluded
and then brought to Brooklyn central Bookings. I asked
the officer that brought us "what am I being booked
for, officer?" He said "open container violation". I called
the officer corrupt and after being processed, I was
placed In the holding pens for count. a couple hours
later I seen a public defender (an attorney) and I
Informed them "Im not pleading guilty, I only stopped
on that block to ask for directions, I wasn't drinning".
I went to my First appearance later that night and
I was released on my own recognizance on June 16, 2014.
The charges was later dismissed on Dec 15, 2014 after
adjournment In contemplation of Dismissal CPL 170.55.
I was arrested on Father's day because an officer

P. 4 OF 4

wanted me Interrogated about a Shooting I wasn't on
the Scene to witness and had to spend 30 plus hours
In custody (from a couple hours after noon fathers day
2014 to past 10 PM In the night the following day).
I spent the whole holiday and most of the following
day In the holding cell with no privacy, no showers,
no change of clothing, fed unhealthy food during the
entire stay, and no toilet In the cell. I was then
transported to Brooklyn central Bookings that was
kept In worse condition. On Dec. 17/2014 these records
were Sealed pursuant to CPL 160.50 Termination of Criminal
action In favor of accused.

Claim #1

**False arrest claim**

**P3. 1 of 4**

Being in possession of an open container of alcohol in public is a violation of New York city administrative code 810-125. This status provides that: "No person shall ... possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast, or similar function for which a permit has been obtained" (ID 810-125(b)[2].

**statute guidelines**

The statute contains a presumption that "possession of an open container containing an alcoholic beverage by any person shall create a rebuttable presumption that such person did intend to consume the contents thereof in violation of this section" (ID. 810-125(G). This status has been enforced by the New York courts, See, e.g., People v. Bothwell, 261 A.D.2d 232, 690 N.Y.S.2d 231 (1st Dept 1999), and a similarly-worded statue has been held constitutional (See People v. Elhage, 147 A.D.2d 911, 537 N.Y.S.2d 375 (4th Dept 1989). The carry of an open can of beer or liquor bottle by itself creates sufficient probable cause under the terms of the statute.

**False arrest claim requirements**

My 1983 claim for false arrest derives from my fourth amendment right to remain free from unreasonable seizures, which includes the right to remain free from an arrest absent of probable cause (Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996). An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy

Pg. 2 of 4    Information of facts and circumstances that are sufficient
to warrant a person of reasonable caution In the belief
that the person to be arrested has committed or Is
committing a crime" (ID; See also Dunaway v. New york,
442 U.S. 200 (1979). Under New york Law, a police officer
may arrest an Individual when the officer has probable
cause to believe that the Individual has committed a petty
offense, Including a violation, In his presence and In his
geographical area of employment (See New york Criminal
Procedure Law § 140.10 (2)(a); §1.20(39)).

Complete          Under the fourth amendment, a warrantless arrest
Defense to    Is constitutionally valid if the arresting officers had
False arrest  Probable cause to make the arrest at the time of the arrest
claim         (See Beck v. Ohio, 379 U.S. 89, 91 (1964); See also Gerstein
              v. Pugh, 420 U.S. 103, 111-12 (1974); Brinegar v. United States,
              338 U.S. 160, 165 (1948)). The existence of Probable cause
              Serves as a legal Justification For an arrest and an
              affirmative defense to a false arrest claim (See Martinez
              v. city of Schenectady, 97 N.y.2d 78 (2001).

Lack of           Lack of Probable cause to arrest or prosecute Is an
Probable Cause  essential element of false arrest (See Rivera v. city of New
              york, 40 A.D.3d 334 (2007)). Now once the officer left his
              vehicle, approached the plantiff, asked for identification, and
              Inquired whether the open vodka bottle In front of the apartment
              stairs was the Plantiff's, a Terry stop (Investigative detention) was

being conducted.

In not disputing that the officer didn't have reasonable suspicion to conduct a Terry Stop. There was an open container amongst a group of Individuals when the officer exited his vehicle, which gives the officer reasonable suspicion that one of these individuals is violating the New York City administrative code §10-125(b), which justifies the officer detaining any one of those individuals to ascertain because no one was observed carrying the bottle, who was in possession of this bottle, whether it was open or closed, and if open, whether it contained alcohol.

However once those inquiries were answered and the information possessed by the officer was plaintiff was not observed carrying an open container which the statue requires, was not the owner of the open container in question, was only amongst the group of individuals to ask for directions, and the container in question was in fact empty, this officer did not have probable cause to arrest nor did probable cause arise after plantiff response to the officer inquiries, furthermore the officer did not even have probable cause to arrest the second individual, where that individual wasn't even question concerning the open container violation nor did that individual have open warrants, which shows that officer had no probable cause to arrest the plantiff or the other individual for

Pg. 4 of 4   Violating the New York city administrative code §10-125

and the reason for these arrest had a collerateral purpose

behind it.

State claim #1

False arrest
(State claim)

These officers while acting within the scope of their employment as New york city police officers violated my 4th amendment rights In violation of section 1983 and New york state law claims of False arrest. The city Of New york is liable under the respondeat superior doctrine for my state law claim of False arrest.

Unlike my false arrest claim pursuant to 42 USC§ 1983, a municipality may be held vicariously liable for

Liability

torts comitted by its employee while acting within the scope of his or her employment (See Eckardt v. city of white plains, 87 A.D.3d 1049; Ashley v. city of New york, 7 AD3d 742)

To establish a cause of action alleging false arrest under New york common law, a plantiff must show that "(1) the defendant Intended to confine him or her (2) the plantiff was conscious of the confinement, (3) the Plantiff did not consent to the confinement, and (4) the confinement was not otherwise privileged "(Lee v. city of New york, 272 A.D.2d at 586; see Broughton v, State of New york, 37 N.Y.2d 451).

These city employees Intended to confine the plantiff to question him (myself) about an Incident that plantiff had no knowledge of. Plantiff was aware of his confinement, questioning these city officers about the specific details as to why he was under arrest. plantiff did not consent to

the confinement and last but not least, these officers did not have probable cause to arrest plantiff for open container violation nor did they have reasonable suspicion to justify detaining the Plantiff In connection with the shooting that occured Prior to the Plantiff's arrest allegedy.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

Im suing these officers for violation of my fourth amendment rights for compensatory/punitive damages In the amount of $2,000,000 (2 million Dollars).

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 11/17/2016 | Robert Leegch |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| Robert | D | Lurch |
| First Name | Middle Initial | Last Name |

| |
|---|
| 62 Bare Hill road , P.O. Box 10 |
| Prison Address |

| | | |
|---|---|---|
| Franklin, Malone | NY | 12953 |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:   11/25/2016

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

CERTIFICATE OF DISPOSITION
NUMBER: 615188

THE PEOPLE OF THE STATE OF NEW YORK
VS

LURCH, ROBERT
Defendant

11/28/1990
Date of Birth

2809 CLARENDON RO
Address

12684777N
NYSID Number

BROOKLYN            NY
City            State   Zip

06/15/2014
Date of Arrest/Issue

Docket Number: 2014KN045190

Summons No:

AC 10-125
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|--------------|-------|------|
| 06/16/2014 | ADJOURNED - CPL SECTION 170.55 | WALKER, C | APAR3 |
| 12/15/2014 | DISMISSED - CPL SECTION 170.55 | JOHNSON, R | AP2 |

**SEALED**

pursuant to Section 160.50 of the CPL

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY        _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

JACKSON, C
COURT OFFICIAL SIGNATURE AND SEAL

11/09/2016
DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
        SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

# Criminal Court of the City of New York

Part APAR          County of Kings

THE PEOPLE OF THE STATE OF NEW YORK                                    State of New York

V.                                                                     County of Kings

ROBERT LURCH

_____                    Defendant

_____

AC 10-125(B)          CONSUMPTION OF ALCOHOL IN PUBLIC

Police Officer Janelyn Lorenzana, shield number , says that on or about June 15, 2014 at approximately 7.48 PM at 1521 Sterling Place, County of Kings, State of New York, the defendant committed the offense of:

in that the defendant did:
DRINK OR CONSUME AN ALCOHOLIC BEVERAGE, OR POSSESS, WITH INTENT TO DRINK OR CONSUME, AN OPEN CONTAINER CONTAINING AN ALCOHOLIC BEVERAGE IN ANY PUBLIC PLACE EXCEPT AT A BLOCK PARTY, FEAST OR SIMILAR FUNCTION FOR WHICH A PERMIT HAD BEEN OBTAINED.

The source of deponents information and the ground for deponent's belief are as follows:

The deponent is informed by the sworn statement of Police Officer Dominick Vitale, shield number 21711 that, at the above time and place, the informant observed the defendant on a sidewalk which is a public place, and in possession of an open bottle of 'Grey Goose' containing an alcoholic beverage, namely vodka.

The deponent is informed by the sworn statement of informant that informant has had professional training as a police officer in the identification of alcoholic beverages; recognized the odor emanating from the above-described container as that of an alcoholic beverage; recognized the above-described container or packaging to be characteristic of an alcoholic beverage; observed the label of the above-described container to indicate that its contents were alcoholic.

False statement made in this document are punishable as a class a misdemeanor pursuant to section 210.45 of the Penal Law.

June 16 2014

_____

Printed.   6/16/14 3:48

K14653326   Arrested  06/15/14  19:48

*Criminal Court of the City of New York*

County of _____ *Kings* _____

*I hereby certify that the within is a true Copy of the Record on file at this Court*

*Date 11/9/2016*

_____
Court Clerk

2014KN045190

SUPREME COURT OF THE STATE OF NEW YORK
NOTICE OF APPEARANCE

PEOPLE OF THE STATE OF NEW YORK,

against                                    County __Kings__

Defendant                                  Docket Number 2014KN __095190__  AR3

CURCU                                      Interpreter Required _____

To the Clerk of the Court:

You are hereby notified that I represent the defendant in the above-entitled action.

ATTORNEY __Scott Rudnick__                                      By: _____ 
                                                                    Signature

Address:     The Legal Aid Society                              ☒ Legal Aid (Assigned)
             111 LIVINGSTON STREET
             Brooklyn, New York 11201

Telephone:   (718) 243-6600; (718) 237-2000                     June 16, 2014
                                                                City of New York

CRIMINAL COURT OF THE CITY OF NEW YORK
RECORD OF COURT ACTION

2014KN045190

CRC 3031   (04/2012)

**Date** — HOLD

| Present | | Absent | | Readiness |
|---|---|---|---|---|
| ☐ Defendant | ☐ Attorney | ☐ Defendant | ☐ Attorney | ☐ ready |
| | | | | ☐ not ready |

**Reason for Adjournment**

☐ S/D
☐ OFD/Discovery
☐ Possible Disposition
☐ Decision
☐ Hearing
☐ Bench Trial
☐ Jury Trial
☐ Program

**Judge**
**Reporter**
**Part**
☐ TOP
Bail Condition

| Notify | | Interpreter | |
|---|---|---|---|
| ☐ Charged | ☐ Defendant | ☐ Defendant | |
| ☐ Excluded | ☐ Attorney | ☐ Excused | |

---

**Date** — HOLD

| Present | | Absent | | Readiness |
|---|---|---|---|---|
| ☐ Defendant | ☐ Attorney | ☐ Defendant | ☐ Attorney | ☐ ready |
| | | | | ☐ not ready |

**Reason for Adjournment**

☐ S/D
☐ OFD/Discovery
☐ Possible Disposition
☐ Decision
☐ Hearing
☐ Bench Trial
☐ Jury Trial
☐ Program

**Judge**
**Reporter**
**Part**
☐ TOP
Bail Condition

| Notify | | Interpreter | |
|---|---|---|---|
| ☐ Charged | ☐ Defendant | ☐ Defendant | |
| ☐ Excluded | ☐ Attorney | ☐ Excused | |

---

**Date** — HOLD

| Present | | Absent | | Readiness |
|---|---|---|---|---|
| ☐ Defendant | ☐ Attorney | ☐ Defendant | ☐ Attorney | ☐ ready |
| | | | | ☐ not ready |

**Reason for Adjournment**

☐ S/D
☐ OFD/Discovery
☐ Possible Disposition
☐ Decision
☐ Hearing
☐ Bench Trial
☐ Jury Trial
☐ Program

**Judge**
**Reporter**
**Part**
☐ TOP
Bail Condition

| Notify | | Interpreter | |
|---|---|---|---|
| ☐ Charged | ☐ Defendant | ☐ Defendant | |
| ☐ Excluded | ☐ Attorney | ☐ Excused | |

---

TEMPORARY ORDER OF PROTECTION IN EFFECT UNTIL:

TEMPORARY ORDER OF PROTECTION IN EFFECT UNTIL:

# Criminal Court of the City of New York
## Kings County
### Information

**The People of the State of New York**
vs.

**Defendant:**
SEALED *pursuant to 160.50 C.P.L.*
2809 CLARENDON ROAD
BROOKLYN NY

**Charges:** (M 23) AC 10-125(B)

Docket Number:

V

□ LAS   □ BDS   □ 18B   □ PVT

**Interpreter: Language**

**Notices Served at Arraignment:**

□ CPL 710.30(1) (A) - Statement
□ CPL 710.30(1) (A) - Identification
□ CPL 250.20 - Alibi
□ CPL 240.30 - Discovery
□ PL 450.10(48 hrs /15 days) - Property
□ CPL 170.10(8)(A) - Family Offense
□ OTHER: _____

**Disposition:**
□ ACD – CPL 170.55
□ ACD – CPL 170.56
□ Waives Prosecution by Information
and Pleads Guilty to
PL 240.20/
□ Investigation & Sentence Ordered

**Arresting Officer** DOMINICK VITALE

**Comments:**

CRC 3214 (rev. 5/12)

**Name** Rudnick

**Bureau:** Trial Bureau 5 - Orange

**Adjournment**
**Part:** ___  □ Assign 18B  □ DTROC
**Reason for Adjournment:**
**Bail Condition:** ___ **Date:** 12-13-14
(Ins. Co. Bond)   (Cash)   (Other)

N/V SAP Wart

□ Defense Motions Due: ___
□ ART 730 Exam Ordered
□ Protective Custody
□ Medical Attention
□ Psychiatric Evaluation
□ Suicide Watch

**Sentence: (or Promise)**
___ days jail
Conditional Discharge: ___
Other: ___ Days Community Service
___ Days Jail Alternative
Mandatory Surcharge: (and CVA)
$200 Misd. / $120 Viol. / $88 VTL   □ Civil Judgment Entered

**Court Reporter** ___ **Date** ___ **Part** ___

**Judge**

K14653526

201 4KN045190

**VIOLATION** V

48 HOURS

WARRANT
JUDGE WALTER ROS... REP.
AR3 JUNE 15 2014

19

**FRANKLIN CORRECTIONAL FACILITY**
P.O. BOX 10, 62 BARE HILL ROAD
MALONE, NEW YORK 12953

Robert Lurch D.N 16A2968



FRANKLIN
★
CORRECTIONAL FACILITY

neopost
11/29/2016
US POSTAGE $007.78
ZIP 12953
041L11251101

7008 3230 0000 5447 9942

CERTIFIED MAIL

Pre Se Intake Unit
United States District court
Southern District of New York
500 Pearl Street
New York, New York
10007



USM P3
SDNY

SDNY
12.01.12