# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

___Robert Derek Lurch Sr.___

Write the full name of each plaintiff.

-against-

___Police Officer Janelyn Lorenzana,___
___Police Officer Dominick Vitale (shield___
___number 21711), The City of New York___

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

2017 DEC -8 PM 3:21

No. __16CV9343__
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-8-17

Rev. 5/6/16

I.  **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

II.  **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

__Robert__  __D__  __Lorch__
First Name    Middle Initial    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

__D·IN # : 16A2468__
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

__M·D· State Correctional Facility__
Current Place of Detention

__P·O· Box 2500__
Institutional Address

__Marcy__                __New York__        __13403__
County, City              State              Zip Code

III.  **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: **The City of New York**
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Defendant 2: **Janelyn Lorenzana**
First Name / Last Name / Shield #

**Police Officer**
Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Defendant 3: **Dominick Vitale**
First Name / Last Name / Shield #

**Police Officer**
Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Defendant 4:
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: <u>1521 Sterling Place, county of Kings, State of New York</u>

Date(s) of occurrence: <u>June 15, 2014 (Fathers Day)</u>

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

- See Attached -

Page 4

## Details of the Incident

An unknown NYPD officer on June 15, 2014 (Father's Day 2014) approached a group of Individuals on the corner of Sterling and Rochester, Located in the Crown Heights section of Brooklyn, New York. The Individuals was gathered around an apartment staircase located directly in front of the apartment buildings.

I was amongst the Individuals in which I stopped while walking through to ask the location of the closest store that accepts Ebt cards (Food Stamps), so I can order a sandwich with my card. In the middle of me being given directions to such a location, a NYPD officer exited his vehicle and asked for my ID.

I refused and the officer under a show of authority, demanded that I hand him my ID. I produced my ID, handing it to the officer, the officer then stated "who bottle is that?" The officer was referring to an open empty bottle of Ciroc (a red tinted/750 ml bottle of vodka) that was in front of the apartment staircase. I Informed the officer that "I don't have a clue who bottle it is", and he demanded that a second Individual give him his ID also.

The officer then ran our names and even though I wasn't Informed on the day of the Incident that I had a warrant, the warrant check came back positive and I was arrested. The officer then falsified the circumstances surrounding the arrest/seizure, alleging he seen the plaintiff in possession of a 1.5 liter bottle of greygoose and forwarded this false Information to a Brooklyn DA's office. I was subsequently charged with AC 10-125 on June 16, 2014. These charges were dismissed on Dec. 17, 2014 pursuant to CPL 160.50.

## Claim #1 (Illegal Seizure)

Being in possession of an open container of alcohol in public is a violation of New York City Administrative Code § 10-125. This statue provides that: "No person shall ... possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast, or similar function for which a permit has been obtained" (ID § 10-125(b)).

The statue contains a presumption that "possession of an open container containing an alcoholic beverage by any person shall create a rebuttable presumption that such person did intend to consume the contents thereof in violation of this section" (ID § 10-125(c)). This statue has been enforced by the New York courts, see, e.g., People v. Bothwell, 261 A.D.2d 232, 690 N.Y.S.2d 231 (1st Dept 1999), and a similarly-worded statue has been held constitutional (see People v. Elhage, 147 A.D.2d 911, 537 N.Y.S.2d 375 (4th Dept 1989). The carry of an open can of beer or liquor bottle by itself creates sufficient probable cause under the terms of the statue.

My 1983 claim for being illegally detained derives from my Fourth Amendment right to be free from unreasonable searches and seizures. In Terry v. Ohio, 392 US 1, the Supreme Court noted that "not all personal intercourse between policemen and citizens involves 'seizures' of persons. Thus, under Terry, a police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity is afoot (Id at 21-22).

At the time the Plaintiff was detained, the Plaintiff was not in possession of any open container containing an alcoholic beverage nor was the Plaintiff near any open container that contained a beverage at all. The officer that exited his vehicle had an unobstructed view of the empty liquor bottle that was near the group of individuals that he approached. The liquor bottle in question, was a red tinted Ciroc bottle (750 mL/average size). Because of the transparency of this kind of bottle, if it contained any liquid, it would be visible to anyone viewing it. However, this container was empty and an empty container does not violate NYC's open container law.

Now it is clear, moreover, that the justification for police intervention must rest upon constitutionally cognizable factors (People v. DeBour, 40 N.Y.2d 210). The cognizable factors is what triggers the intrusion. In this case, the Plaintiff's person was detained and without reasonable suspicion triggering this intrusion, the detention (seizure) was unlawful.

The officers in this case will raise the defense that the Plaintiff was detained pursuant to reasonable suspicion arising from the Plaintiff allegedly violating NYC's open container law. However, prior to Plaintiff being seized, the defendants did not possess any facts that lead them to reasonably suspect that the Plaintiff was violating NYC's open container law. Since the bottle in question was in fact empty, the defendants did not have reasonable suspicion to detain the Plaintiff pursuant to NYC's open container law and the Plaintiff was unlawfully seized, which violated his Fourth Amendment right to be free from unreasonable searches and seizures.

Futhermore, since the defendants fabricated the events leading up to the seizure in the police reports and criminal complaint, it will be unreasonable for the court to conclude that these defendants sincerely believed that they had reasonable suspicion to detain the plaintiff pursuant to NYC's open container law,

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

Im suing for $2 million dollars in compensatory damages against the city of New York. Im suing each individual defendant for $1,000,000.00 (1 million dollars) in compensatory damages and $1,000,000.00 (1 million dollars) in punitive damages. Im also suing for injunctive relief against the city of New York in which Im requesting all officers employed with the city of New York be required to wear body cams.

Page 5

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 12/1/2017 | Robert Lurch |
|---|---|
| Dated | Plaintiff's Signature |

| Robert | D | Lurch |
|---|---|---|
| First Name | Middle Initial | Last Name |

Mid-State Correctional Facility, P.O. Box 2500
**Prison Address**

| Marcy | New York | 13403 |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:  12/1/2017

